IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER GRAHAM, an individual on
behalf of himself and all others similarly
situated,

   Plaintiff,             Civ. No. 02-0369 MV/RLP

vs.

VENGROFF, WILLIAMS & ASSOCIATES,
Inc.,

   Defendant.

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** comes before the Court on Defendant's Motion for an Extension of Time in Which to File and Serve its Response to Plaintiff's Motion for Attorney's Fees, filed December 16, 2003, **[Doc. No. 68]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED.**

  On August 22, 2003, Plaintiff filed an unopposed motion to approve class settlement. On December 10, 2003, the Court entered an Order approving the settlement. The Order stated that

the Court would make an award of attorney fees and costs to Plaintiff:

> The Court will make an award of attorney fees and costs to Plaintiff based on the motion for fees and costs submitted by the Plaintiff's attorneys. The Court will make its decision once the matter has been fully briefed. The Court will not hold a hearing on the issue.

December 10, 2003 Order.

On November 17, 2003, Plaintiff filed a motion and brief seeking attorney fees and costs. Plaintiff granted Defendant an extension until December 5, 2003, to respond to the motion for fees and costs. Defendant failed to file a response or seek any additional extension from Plaintiff or the Court prior to December 5, 2003. On December 15, 2003, Defendant sought an additional extension from Plaintiff. Plaintiff did not consent to the requested extension.

On December 16, 2003, Defendant filed the instant motion with the Court requesting an extension of time in which to file a response. In the motion, Defendant states that other work commitments prevented Defendant's counsel from completing the response in the time allowed. Defendant's counsel provides no explanation for his failure to seek an extension until eleven days after the response was due.

The Court is generally willing to grant extensions to parties to accommodate attorney work commitments and the demands of a busy law practice. However, requests for extensions must be made in compliance with local rules. Local Rule 7.6(a) permits parties to extend deadlines by agreement. D.N.M.LR-Civ. 7.6(a). If an extension of time is opposed, a party must file a motion with the Court prior to the filing deadline. *Id*. ("If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable 14-day period."). In this case, Defendant did not seek an extension until eleven days after the filing deadline.

**IT IS THEREFORE ORDERED** that Defendant's Motion for an Extension of Time in

Which to File and Serve its Response to Plaintiff's Motion for Attorney's Fees, filed December 16, 2003, **[Doc. No. 68]** is hereby **DENIED.** The Court will award attorney's fees and costs based on the motion submitted by Plaintiff.

Dated this 19th day of December, 2003.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
    Richard N. Feferman, Esq.
    Rob Treinen, Esq.

Attorneys for Defendant:
    Martin E. Threet, Esq.
    Joey B. Wright, Esq.